Filed 4/22/16  P. v. Mora CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064906 |
| v. | (Super.Ct.No. INF1301141) |
| EDUARDO NAVA MORA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Harold W. Hopp, Judge.
Affirmed.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and
Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant, Eduardo Nava Mora, appeals from the eight-year

sentence he received after being resentenced.  The trial court resentenced defendant in

accordance with this court's opinion granting, in part, his petition for writ of habeas

1

corpus regarding the use of a 2012 conviction to enhance his sentence for a 2013 conviction. We affirm the judgment on resentencing.

## I. FACTS AND PROCEDURE

On September 25, 2013, a jury convicted defendant of first degree burglary (Pen. Code, § 459)[1] and receiving stolen property (§ 496, subd. (a)). The trial court found true that defendant had two prison term priors (§ 667.5, subd. (b)). The court also found true that defendant had a serious felony prior (§ 667, subd. (a)) and a strike prior (§§ 667, subds. (b)-(i), 1170.12), both based on a 2012 conviction for participating in a criminal street gang (§ 186.22, subd. (a)). The court sentenced defendant to 15 years in prison as follows: the middle term of four years for the residential burglary, doubled for the strike, plus five years for the serious felony prior, plus two years for the prison term priors. The sentence for receiving stolen property was stayed pursuant to section 654.

In a petition for writ of habeas corpus, case No. E061823, defendant sought to have his 2013 sentence reduced because the 2012 conviction was for conduct that was later determined not to constitute a crime. In *People v. Rodriguez* (2012) 55 Cal.4th 1125, our Supreme Court held that a defendant cannot be convicted for participating in a criminal street gang when he or she acts alone, as defendant did in 2012. In the 2013 case, the gang participation prior from 2012 was used as a strike prior to double his four-year middle term sentence for residential burglary and as a serious felony prior to add five years. We granted defendant's petition, in part. However, rather than reducing

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

defendant's sentence by nine years as he requested, we set aside the 2012 conviction for gang participation, vacated the judgment of conviction dated September 25, 2013, and remanded to the trial court for resentencing.

On November 23, 2015, the trial court resentenced as before to two years for the two prison term priors, and again stayed the sentence for receiving stolen property. However, the court this time selected the *upper* term of six years for the burglary, and, as instructed, did not double the sentence or add the previous five-year enhancement, for a total sentence of eight years.

This appeal followed.

## II. DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and a potential arguable issue, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

3

### III. DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

MILLER
J.

4